Kelson, J.,
delivered the opinion of the Court.
The declaration in this case, alleges that the plaintiff sues the defendant for two thousand dollars, as damages for wrongfully taking the following, goods and chattels, 'the property of the plaintiff, viz.: “One mare, seven mules and one bridle.” Judgment by default was taken, a writ of inquiry awarded, and at the September Term, 1869, a jury was impaneled and sworn well and truly to inquire and ascertain the damages. They found for the plaintiff, and assessed his damages at five cents. He obtained a rule for a new trial, which was discharged, and thereupon he tendered his bill of exceptions, which was *438 duly made part of the record, and prayed and obtained an appeal, in the nature of a writ of error, to this Court.
It appears from the evidence that two persons, who are not parties to this suit, took from the plaintiff’s farm, in his absence and without his consent, one fine buggy mare, worth $250, five mules, each worth $150, and two mules, each worth $100; but there was no evidence to show that defendant was present at the taking of the property, or had any thing to do with it. The plaintiff’s counsel asked the Court to charge the jury that the judgment by default admitted the plaintiff’s right of action, and that the plaintiff was entitled to recover the full amount of damages shown by the evidence. The Court charged the jury “that the judgment by default settled the plaintiff’s right to recover some damages; that the amount of damages the plaintiff should recover was a question of fact purely for the jury; that they were the exclusive judges of the amount of damages that could be allowed from the proof, and could allow any sum they might agree upon, from one cent to the full amount claimed in the declaration, but could not exceed the amount claimed iu the declaration; that the usual amount of damages in such cases would be, or was, the value of the stock and property which the proof showed the defendant had taken, or caused to be taken, at the time it was taken; and that after the jury found that amount, they might allow interest or not, in their discretion, on that amount; that it was for the jury to say, from the proof, what amount of damages the plaintiff should recover.” This charge was not in conformity to the instructions asked in behalf of the plaintiff; and the *439 the question before ns is, whether the judgment by default so admitted the plaintiff's right of action as to entitle him to recover the full amount of damages shown by the evidence.
Where the defendant fails to appear and demur, or plead, within the prescribed time, judgment by default may be taken, under the Code, section 4239. And, by section 2975, it is provided that, “Whenever damages are recoverable, the plaintiff may claim and recover, if he show himself entitled thereto, any rate of damages which • he might have heretofore recovered in any form of action, for ■ the same cause.” The declaration charges the defendant with wrongfully taking the goods and chattels mentioned in it; and there can be no question that, if the defendant had pleaded not guilty, and the jury had found the plea against him, or, in other words, that he was guilty of wrongfully taking the property, the jury would have been instructed, under the form of action in use before the Code, to assess damages to the extent, at least, of the value of the property proved. In 1 Greenleaf's Evidence, § 27, it is said that, “If a material averment, well pleaded, is passed over by the adverse party without denial, whether it be by confession, or by pleading some other matter, or by demurring in law, it is thereby conclusively admitted.” And we hold that, where there is a failure to plead, and a judgment by default at law, the effect of the judgment is the same as that of a judgment pro eonfesso in equity, which admits the allegations in the bill. See Code, 4371; Stone v. Duncan, 1 Head, 104; Jachson v. Honeycut, 1 Cooper's Overton, 30-31; Douglas v. Evans & Wheaton, Ibid, 82-83, and Meigs’ Reports, 358. In the case under *440 consideration, the defendant, in suffering judgment by default, admitted that he had wrongfully taken the property, and there was no necessity to prove that fact before the jury. The only proof that was incumbent on the plaintiff to make, was as to the value of the property thus admitted to have been wrongfully taken; and his Honor erred, in not instructing the jury, as requested, to assess the plaintiff’s damages at the value ascertained by the proof.
In England, from whence we derive the common law, and a large part of our pleadings and practice before the Code, a judgment by default was regarded as an intei’locutory judgment, and the amount of the damage sustained by the plaintiff was ascertained, either by reference to the Master in the King’s Bench, or prothono-taries in the Common Pleas, or by writ of inquiry. In general, a writ of inquiry was awarded; but as it was a mere inquest of office, to inform the conscience of the Court, the Court itself might assess the damages, with the assent of the plaintiff. 10 Petersdorff’s Abr., 440. So, also, the damages could be ascertained by the Sheriff, the definition being that “a writ of inquiry is a judicial writ, issuing out of the Court where the action is brought, and directed to the Sheriff of the county where the venue is laid, setting forth the proceedings which have been had in the cause, and that the plaintiff ought to recover his damages by occasion of the premises. But because it -is not known what damages he hath sustained by occasion thereof, the Sheriff is commanded that, by the oaths of twelve. honest and lawful men of his county, he diligently inquire the same, and return the inquisition into court.” Ibid, 448. The *441 object of the writ was, and is, the same in this State as it was in England; but here it has always been the practice to cause the inquiry of damages to be made by a jury, under instructions from the Court, and to have their verdict returned into court.
It has been correctly said that a judgment goes by default, properly speaking, whenever, between the commencement of the suit and its anticipated decision in court, either party omits to pursue, in the regular method, the ordinary measures of prosecution or defense. Hence, judgment by default, when it' goes against the defendant, is an implied admission of the charges advanced; when it goes against the plaintiff it is an admission that he cannot support those charges. 7 lb., 475. And, so conclusive are these admissions, that where the plaintiffs declared, upon a sale of coffee, at so much per cwt., which the defendant was to take away by such a time, or answer in damages, and there was judgment by default, it was held, on executing the writ of inquiry, that the defendant should not be let in to give evidence of fraud, on the side of the plaintiffs, at the sale, because he had admitted the contract to be as the plaintiffs had declared, by suffering judgment by default, instead of pleading non-assumpsit. East India Co. v. Glover, 1 Stra., 612; 10 Pet. Abr., 456. So, in assumpsit upon a promissory note, there was judgment by default; and, on executing a writ of inquiry, the plaintiff did not produce the subscribing witness, but offered other evidence of its being defendant’s hand, and the Court held this was sufficient, for the note, being set out in the declaration, is admitted, and the *442 only use of producing it is, to see whether any money is indorsed to be paid upon it. Benns v. Lindsell, 2 Stra., 1149; 10 Pet. Abr., 456. And, in 'an action for use and occupation, where it was contended, upon the execution of a writ of inquiry, that the plaintiff was bound to prove that the house, for the rent of which the action was brought, belonged to him, Lord Eilen-boróugh, C. J., held that the defendant had admitted upon the record, in the judgment by default, that he occupied the house under plaintiff. Dans v. Holachy, 1 Chit. R,., 644. 10 Pet. Abr., 457. The same view of the law was taken by this Court, in the Union Bank v. Hicks, Ewing & Co., 4 Hum., 327, where judgment by default was taken in an action upon a note; and when a jury was impaneled to inquire of the damages, evidence was offered to prove the indorsement of the note a forgery; but it was held that the judgment by default was an admission of the cause of action, and that, upon an inquiry of damages, evidence showing that no cause of action existed, is not admissible.
The case of Turner v. Carter and Pulliam, 1 Plead, 525, is not in conflict with the authorities cited. In that case, the defendant had filed an informal plea of abatement, to which a demurrer was sustained, and had then moved for leave to plead over, and accompanied his motion with pleas and a strong affidavit, showing a meritorious defense; but his motion was refused, and it was held that, Ho a limited extent/ he had the right to be heard upon the inquisition of damages. It was said that the defendant was no further compromitted by the judgment by default than to preclude him from *443 denying tlie plaintiff’s right to nominal damages, and might show, if in his power, that the plaintiffs had no legal claim to damages, in which event they could recover nothing more than nominal ' damages. That was an action of assumpsit, in which the cause of action- is not stated. This is an action of tort, in which the articles of property are distinctly specified in the declaration. There the defendants in error had shown that they had a meritorious defense, and a privilege was denied, to which they were entitled as a matter of right. Here, no effort was made to defend before the judgment by default was taken, and no proof was offered or introduced by the defendant upon the inquisition of damages. He rested his defense solely upon the ground that there was no evidence to show that he was present at the taking of the property, or had anything to do with it— a defense which would have been proper if he had pleaded not guilty; but the judgment by default, if it admitted anything, was equivalent to ah admission that ' he caused and procured it to be done; and this might well be inferred from the proof, in connection with the other facts of the case, that he had offered a less price for the mules, a few days before, than the plaintiff was willing to take.
Reverse the judgment, and remand the cause.